IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROGER SPEARS, | ) |
|         Plaintiff, | ) |
| vs. | )  Case No. 09-cv-0777-MJR-CJP |
| UNITED STATES STEEL CORP., | ) |
|         Defendant. | ) |

<u>MEMORANDUM AND ORDER</u>

REAGAN, District Judge:

In August 2009, Roger Spears filed suit in the Circuit Court of Madison County, Illinois, alleging that he fell in a hole on the concrete floor of a building on State Street in Granite City, Illinois – property owned by United States Steel Corporation (USS). Spears claimed that USS negligently allowed water to accumulate in the hole, failed to maintain the floor, failed to properly inspect the premises, and failed to warn Spears of a hazardous condition on the premises. Spears prayed for damages "in an amount in excess of that necessary to confer jurisdiction" on the Circuit Court (*i.e.*, over $50,000) and sought to recover for injuries to his left ankle and foot, including damages for pain and suffering (past and future), medical expenses (past and future), lost wages (past and future), disability (past and future), and diminution in earning capacity (past and future).

In September 2009, USS removed the case to this federal District Court, invoking subject matter jurisdiction under the diversity statute, 28 U.S.C. 1332. Section 1332 requires that the parties be completely diverse and that the matter in controversy exceed $75,000, exclusive of interest and costs. ***LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542, 547 (7th Cir. 2008).**

Three years ago, the United States Court of Appeals for the Seventh Circuit clarified the standard a federal court must apply when the parties contest whether the amount in controversy suffices. In **Meridian Security Insurance v. Sadowski, 441 F.3d 536, 543 (7th Cir. 2006),** the Court retracted "the often-misused phrase" from **Shaw v. Dow Brands, Inc., 994 F.3d 364, 366 (7th Cir. 1993),** that the proponent of federal jurisdiction must show a "reasonable probability" that jurisdiction lies. **Sadowski, 441 F.3d at 543.**

Instead, *if material factual allegations regarding jurisdiction are contested*, the party seeking the federal forum must prove those jurisdictional facts by a preponderance of the evidence. Once the facts have been established, the case can be dismissed for lack of subject matter jurisdiction only if it is "legally certain" that the recovery (from plaintiff's perspective) or the cost of complying with the judgment (from defendant's perspective) will be less than the jurisdictional floor. **LM Ins., 533 F.3d at 547, quoting Sadowski, 441 F.3d at 543.**

In the case at bar, Plaintiff Spears has challenged removal via remand motion (specifically asserting that the amount in controversy falls short of the jurisdictional hurdle needed to support diversity jurisdiction). Defendant USS seeks the federal forum and bears the burden of establishing the necessary jurisdictional facts by a preponderance of the evidence. There is no question the parties are completely diverse. Spears is an Illinois citizen, and USS – a corporation – is a citizen of both Delaware and Pennsylvania. The dispute here centers on the amount in controversy. USS has met its burden and, based on the evidence that can properly be considered, it is <u>not</u> legally certain that the amount in controversy is less than the jurisdictional floor.

The original complaint and supporting affidavit of counsel (Doc. 2-3) attest that the total damages sought exceed $50,000. As noted above, the original complaint sought damages for past and future pain and suffering, past and future medical expenses, past and future lost wages, past and future disability, and past and future diminished earning capacity – plus costs of suit (Doc. 2-3, p. 2). A November 6, 2009 amended complaint contains the same list of damages sought by Spears (Doc. 21, p. 2). The significant change in the amended complaint is the addition – to the prayer for relief – of the phrase "not in excess of seventy-five thousand dollars ($75,000), exclusive of interest and costs" (*id.*).

Consistent with that revised prayer for relief, Plaintiff's counsel has tendered two affidavits of Plaintiff Roger Spears, one dated October 27, 2009 (attached to a remand motion, Doc. 13-2) and the other dated November 6, 2009 (attached to the amended complaint, Doc. 21). Both affidavits are signed by Roger Spears and attest that Spears has "not incurred damages in excess of $75,000 ... in connection with the events alleged in the above-captioned lawsuit" (*id.*).

Two obstacles prevent the amended complaint and the affidavits from having the effect urged by Plaintiff. First, they are not binding. Second, even if they were construed as binding (*and* if one equates the damages incurred to date as constituting the amount in controversy), the affidavits and purported damage limitation in the amended complaint come too late to be considered by this Court. The Seventh Circuit addressed this very issue in **Oshana v. Coca-Cola Co., 472 F.3d 506, 511-12 (7th Cir. 2006).**

Analysis began with the principle that the amount in controversy is the

3

amount required to satisfy the plaintiff's demands in full on the day the lawsuit is filed or – for removed actions – on the day the suit is removed to federal court. **Oshana, 472 F.3d at 511, cert. denied, 551 U.S. 1115 (2007), citing Hart v. Schering-Plough Corp., 253 F.3d 272, 273 (7th Cir. 2001), and BEM I, LLC, v. Anthropologie, Inc., 301 F.3d 548, 552 (7th Cir. 2002).** Oshana's *complaint* expressly disclaimed damages over $75,000 (using much stronger language than that contained in the amended complaint in the case at bar), but that was not enough to prevent removal.

> Such disclaimers have been long approved as a way of staying out of federal court, ... but only when the disclaimer is binding.... Illinois does not bind plaintiffs to such disclaimers in complaints – like in federal court, plaintiffs in Illinois are not limited to the amounts they've requested. So Oshana's disclaimer had no legal effect.

**Oshana at 511.**

The Court then described what would have been effective. "If Oshana really wanted to prevent removal, she should have stipulated to damages not exceeding the $75,000 jurisdictional limit." **Id. at 511, citing BEM, 301 F.3d at 552; Workman v. United Parcel Service, Inc., 234 F.3d 998, 1000 (7th Cir. 2000); and Chase v. Shop "N Save Warehouse Foods, Inc., 110 F.3d 424, 430 (7th Cir. 1997).** This is what Roger Spears has endeavored to do, but his stipulation (even if it were binding) comes too late.

To prevent removal, a litigant must file the binding stipulation or affidavit *with* his complaint, *before* the case is removed. **See Oshana, 472 F.3d at 512, citing In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992).** Post-removal stipulations are ineffective. They do not divest the federal court of subject matter jurisdiction. **See Chase, 110 F.3d**

**at 529 (reiterating that post-removal stipulations and affidavits are "ineffective to oust federal jurisdiction," and a "prohibited way to 'manipulate the process to void the removal.'").**

Here, the evidence in existence at the moment of removal supports the exercise of diversity jurisdiction. The Court cannot rely on or even consider Spears' post-removal affidavits (or the attempted disclaimer/stipulation in the November 6th amended complaint). Plaintiff Spears has not proven to a legal certainty that the claim is really for less than the jurisdictional amount. And there is no need for further briefing on the jurisdictional issue. The Court has one option only.

For the reasons stated above, the undersigned Judge **DENIES** Plaintiff's motion to remand (Doc. 13). A firm trial date has been set, a Scheduling and Discovery Order has been entered, and the case now proceeds in this District.

IT IS SO ORDERED.

DATED November 8, 2009.

        s/ Michael J. Reagan
        Michael J. Reagan
        United States District Judge